

Gerald C. Mann
~~XXXXXXXXXX~~
PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS

Hon. M. O. Flowers
Secretary of State
Austin, Texas

Opinion No. 0-2876
Re: Whether or not the Secretary
of State may legally spend
any of the funds appropriated
to that department for the
purpose of paying the expenses
of the Sheriff of Travis County
incurred outside the State of
Texas in going to and from Ohio
to return a prisoner.

Dear Mr. Flowers:

We have your inquiry of October 31, 1940, as follows:

"In December of last year, the Travis County
Grand Jury indicted one Max L. Hirsch for violation
of the Texas Securities Act. This department has
been advised by the Division of Securities of the
State of Ohio that the said Max L. Hirsch has been
taken into custody in Ohio.

"This department, in connection with the Dis-
trict Attorney's Office of Travis County, is anxious
to return Hirsch for trial on the above charge. We
would appreciate very much having the benefit of your
advice as to whether or not the Secretary of State
can legally spend any of the funds appropriated to
the use of this department by the Forty-Sixth Legis-
lature, Regular Session, for the purpose of paying
the expenses of the Sheriff of Travis County, Texas
incurred outside the State of Texas in going to and
from Ohio to return the said Max L. Hirsch for trial
on such indictment."

You are respectfully advised it is the opinion of this
department that the expenses described in your letter may not be
lawfully paid from any appropriation for your department.

Under the head of Maintenance and Miscellaneous, follow-
ing each division of your department travel expenses are specially
itemized. This allocation of these items to the respective divis-
ions accentuates the rule that the travel expenses thus provided
for pertain to travel in connection with the particular service
with which the item is associated. Under no construction, we think,
can the expenses of the sheriff under consideration here be regard-
ed as an expense coming within either of the above designated items,

nor in fact can it be said to come within any State business, the transaction or execution of which is in the hands of the Secretary of State.

We are not unmindful of Section 36 of the Securities Act, reading as follows:

"Upon and after the effective date of this Act, all moneys derived from fees, assessments or charges under this Act shall be paid by the Secretary of State into the State Treasury for safekeeping, and shall, by the State Treasurer, be placed in a separate fund to be available for the use of the Secretary of State in the administration of this Act upon requisition of the Secretary of State. All such moneys so paid into the State Treasury are hereby specifically appropriated to the Secretary of State for the purpose of paying the salaries and expenses of all persons employed or appointed as provided herein for the administration of this Act, and all other expenses necessary and proper for the administration of this Act, including equipment and maintenance of any supplies for such offices or quarters as the Secretary of State may occupy, and necessary traveling expenses of the Secretary of State and the Attorney General or persons authorized to act for either when performing duties hereunder at the request of the Secretary of State. Provided, however, in no event shall the expenditure for the administration of this Act exceed Sixty-five Thousand Dollars ($65,000) for any one fiscal year.

"It is further provided that the compensation of all persons employed for the administration of this Act shall be in line with salaries paid other State officials and employees holding similar positions, and doing similar work; and, after August 31, 1937, all expenditures for the administration of this Act shall be in the amounts and for the purposes fixed by the Legislature in the General Appropriation Bill.

"At the end of the fiscal year any unused portion of said funds in said special account shall be set over and paid into the General Revenue Fund.

"The Comptroller shall, upon requisition
of the Secretary of State, from time to time
draw warrants upon the State Treasurer for the
amounts specified in such requisition, not ex-
ceeding, however, the amount in such fund at
the time of making of any requisition therefor.
As amended Acts 1937, 45th Leg., p. 811, ch. 401,
# 2; Acts 1939, 46th Leg., p. 615, # 1.

There is nothing in this Section that could change
the conclusion above announced; indeed, the Section specifi-
cally provides that, "All expenditures for the administration
of this Act shall be in the amounts and for the purposes fix-
ed by the Legislature in the General Appropriation Bill."
Whatever the general power of the Legislature to make an ap-
propriation for the purpose of paying expenses for out-of-
State trips to return a prisoner violating the provisions of
the Securities Act, the fact remains the Legislature has made
no appropriation for that purpose and none will be implied.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer

Ocie Speer, Assistant

OS:MR:wb

APPROVED NOV 12, 1940

APPROVED:    OPINION COMMITTEE

/s/ Gerald C. Mann

BY          BWB, Chairman

ATTORNEY GENERAL OF TEXAS